UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LIFE Rehab Services, Inc.,
Medical Pain Management, Physicians'
Diagnostics & Rehabilitation, Medical          Civil No. 05-CV-1279 (JNE/FLN)
Advanced Pain Specialists, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

        v.                                     **REPORT AND RECOMMENDATION**

Allied Property & Casualty Insurance
Company, AMCO Insurance Company,
Depositors Insurance Company, and
Nationwide Insurance Company of America,

        Defendants.

_____

David Ketroser, Jordan Lewis, for Plaintiffs.
Allen Saeks, Monica Davies, for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 4, 2005, on Defendants' Motion to Dismiss Under Rules 12(b)(6) and 12(b)(7) [#8]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendants' Motion be granted in part and denied in part.

## I.  FINDINGS OF FACT

Defendants Allied Property & Casualty Insurance Company ("Allied"), AMCO Insurance Company, Depositors Insurance Company, and Nationwide Insurance Company of America (referred to collectively by Plaintiffs as "Allied"), move to dismiss the claims against them.

Plaintiffs LIFE Rehab Services, Inc. ("Life Rehab"), Medical Pain Management, Physicians'

Diagnostics & Rehabilitation, and Medical Advanced Pain Specialists are all Minnesota corporations

that provide medical services in the metropolitan area.  Defendants insure the patients treated by the

four Plaintiff corporations under Minnesota's No-Fault statutory scheme, Minnesota Statute §

65B.001, et seq.  See Complaint ¶¶ 5-9.  When patients are treated by Plaintiffs, they routinely sign

"assignment of benefit" agreements before treatment, by which the patients assign to Plaintiffs the

right to receive payments (or "benefits") for covered medical services from their insurance

companies.  See Complaint at ¶ 9.  The assignments permit Plaintiffs to seek payments for covered

services directly from the insurance companies, instead of waiting for the insurance companies to

pay the benefits to the patients, and then waiting for the patients to forward the payments to the

medical providers.

Plaintiffs communicate the fact of the assignment to Allied through two forms, standard to

the industry.  Complaint ¶ 13.  Both forms contain a box that alerts the insurer that whatever benefits

are due have been assigned by the patient to his medical provider.  Complaint ¶ 13.  Plaintiffs allege

that, despite the transmittal of the standardized forms that alerted Defendants to the patient

assignment, Defendants routinely pay benefits directly to the patients.  Complaint ¶ 15.  They allege

that by ignoring the assignment, Defendants have damaged Plaintiffs by increasing the cost of

collection, re-coordinating the order in which carriers are liable, and by not paying the required 15%

interest.  Complaint ¶¶ 16-19.  Plaintiffs assert causes of action for (1) enforcement of statutory and

common law rights; (2) breach of contract; (3) account stated; (4) declaratory relief; and (5)

injunctive relief.  See Complaint ¶¶ 35-52.[1]

Defendants move to dismiss the Complaint as a matter of law, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).  Defendants argue that Plaintiffs' claims should be dismissed because: 1) they are subject to mandatory arbitration under Minnesota law; 2) Plaintiffs rely on invalid assignments and lack standing to bring the claims asserted; 3) Plaintiffs have failed to add indispensable parties; and 4) because Plaintiffs have failed to state a claim upon which relief can be granted.

## II.  LEGAL CONCLUSIONS

### A.    Standard of Review

A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted).  In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).  To avoid dismissal,

---

[1] Plaintiffs, in their Responsive Memorandum and at the motion hearing, voluntarily dismissed Count I (enforcement of statutory and common law rights), Count IV (declaratory relief), and Count V (injunctive relief).  See Pl. Mem. p. 17. Accordingly, only Plaintiffs' Counts for breach of contract and account stated remain before the Court.

a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal

conclusions. <u>Springdale Educ. Ass'n v. Springdale Sch. Dist.</u>, 133 F.3d 649, 651 (8th Cir.1998).


**B.      Plaintiffs' Claims Are Not Subject to Mandatory Arbitration**

Defendants argue that Plaintiffs' claims arise under Minnesota's No Fault Law and are

therefore subject to the No Fault Law's mandatory arbitration provisions set forth in Minnesota

Statute section 65B.525.  According to Defendants, the arbitration provisions of section 65B.525

apply to deprive this Court of subject matter jurisdiction to hear Plaintiffs' claims.  Section 65B.525,

subdivision 1 provides in part:

> The Supreme Court...shall by rules of court...provide for the mandatory submission
> to binding arbitration of all cases at issue where the claim at the commencement of
> arbitration is in an amount of $10,000 or less against any insured's reparation obligor
> for no-fault benefits or comprehensive or collision damage coverage.

The statute thereby deprives district courts of subject matter jurisdiction over insurance

disputes involving claims for comprehensive benefits of $10,000 or less.  <u>Illinois Farmers Ins. Co.</u>

<u>v. Glass Serv. Co., Inc.</u>, 683 N.W.2d 792, 800 (Minn. 2004), citing <u>Olson v. Am. Family Mut. Ins.</u>

<u>Co.</u>, 636 N.W.2d 598, 604 (Minn. App. 2001) (noting that district court does not have jurisdiction

over claims of "no-fault benefits").  The statutory obligation to arbitrate cannot be waived by the

parties.  <u>Id.</u>  Neither can the amount in controversy of multiple claims against a particular insurer

be aggregated to remove the claims from the scope of the mandatory arbitration provisions by

exceeding the amount in controversy limit.  <u>Id.</u> at 804.  Therefore, where the amount in controversy

for any individual claim is $10,000 or less, that claim is subject to mandatory arbitration.  <u>Id.</u> at 800.


Here, Defendants argue that because the statute mandates arbitration in all cases where the

claim is "$10,000 or less...for no-fault benefits...coverage," Plaintiffs' claims are subject to arbitration. Defendants, relying heavily on Illinois Farmers Ins. Co., reason that each of the seven patients identified by Plaintiffs quantifies the actual amount billed as less than $10,000, and that Plaintiffs' claims are therefore subject to mandatory arbitration because the amount in controversy (which cannot be aggregated) is less than $10,000. The Court disagrees. Though Plaintiffs' claims fall within the amount in controversy scope of the statute, the recovery they seek is not within the overall scope of section 65B.525.

In Illinois Farmers Ins. Co., a glass service company ("Glass Service") asserted that Farmers Insurance Company ("Farmers") underpaid it for over 5,700 instances of glass work that it performed for Farmers' insureds. The Minnesota Supreme Court determined that the No-Fault Act required Glass Service to arbitrate its claims against Farmers. 683 N.W. 2d at 804. Glass Service had accepted payment from its customers in the form of assignments against Farmers. The court determined that Glass Service, as an assignee, took no greater or lesser rights than the individual policyholders had against Farmers, and that because the policyholders could not avoid arbitration by consolidating their claims with those of other policyholders, Glass Service could not either. Id. at 803-04, citing Martin ex rel Hoff v. City of Rochester, 642 N.W.2d 1, 13 (Minn. 2002) (an assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment). The court reasoned that the aggregate of "operative facts" that gave rise to the claims against Farmers were the individual auto glass jobs that Glass Service performed for its policyholders; that the individual policyholders were the claimants; and that the policyholders' assignments of proceeds to Glass Service did not transform Glass Service' status as an assignee of multiple claims into a claimant with a single claim.

Id. at 804.   Therefore, the court held that Glass Service's claims were subject to mandatory arbitration.      Illinois Farmers Insurance Co. is distinguishable from the instant case and does not control whether Plaintiffs must arbitrate their claims against Defendants.   Though Plaintiffs and Glass Service share the same status as assignees, Plaintiffs' claims differ markedly from those of Glass Service.   Glass Service had accepted payment in the form of assignments from the insureds. Farmers had honored the assignments and paid the insurance proceeds directly to Glass Service. Glass Service, however, argued that Farmers systematically underpaid the underlying claims.   The determination of Glass Service's claims required the court to analyze each glass job performed on behalf of the insureds.

Here, Plaintiffs have not received the proceeds due under the insureds' purported assignments of proceeds.   Rather, Defendants have allegedly ignored the assignments and paid the proceeds due directly to the insureds.   Plaintiffs do not challenge the amount of moneys paid under the assignments.   Plaintiffs' issue requires the Court to analyze only whether the assignments were valid and whether Defendants violated the assignments by paying the proceeds to the insureds.   In the transactions at issue here, Allied has assumed its coverage obligations and paid the benefits due to the patients.   The issue is not about whether benefits should be paid, or the amount of benefits paid, but to whom they should be paid.   The statute, which limits the arbitration requirement to "all cases at issue...against any insured's reparation obligor for no-fault benefits...coverage," does not apply to deprive this Court of jurisdiction to hear Plaintiffs' claims.

Moreover, it appears to the Court that the judiciary is the proper arbiter of the questions of law presented – the validity of the alleged assignments and notification of assignments.   In Minnesota, arbitrators of No-Fault claims are limited to deciding issues of fact, and the interpretation

-6-

of laws is reserved to the courts. <u>AMCO Ins. Co. v. Ashwood-Ames</u>, 534 N.W.2d 740, 741 (Minn. App. 1995); <u>Olson v. Auto-Owners Ins. Co.</u>, 659 N.W.2d 283, 286 (Minn. App. 2003). The interpretation and construction of the No-Fault statute and the insurance contracts are to be determined by the courts, and not an arbitrator. <u>AMCO</u>, 534 N.W.2d at 741.

Defendants argue that the application of law depends on the factual circumstances unique to each claim, and that the factual determinations must first be decided by an arbitrator. For instance, Defendants argue that an arbitrator must first determine the enforceability of each purported assignment, the breadth of each, and reimbursement issues, such as reasonableness of the expenses and the rights of other payers. <u>See</u> Def. Reply Mem. p. 5. The Court is not convinced that Plaintiffs' claims require the resolution of these issues, or that their resolution is solely within the purview of arbitration. As discussed above, the amount of proceeds is not in controversy, and the enforceability of the purported assignments is a question of law ripe for judicial review.

In sum, Plaintiffs' claims do not fall within the mandatory arbitration provision of Minnesota's No-Fault Act. Instead, Plaintiffs present questions of law which this Court is capable of deciding. The Court has subject matter jurisdiction over Plaintiffs' claims and Defendants' motion to dismiss should be denied.

### C.    Plaintiffs Have Standing to Bring the Claims Asserted

Defendants argue that Plaintiffs lack standing to bring their claims because no direct relationship exists between the Plaintiff medical providers and the Defendant insurance companies. <u>See</u> <u>Hardle v. Preston Energy, Inc.</u>, 374 N.W.2d 807 (Minn. App. 1985) (parties had no privity of contract so defendants owed no duty to plaintiffs). It is true that Plaintiffs do not allege that a duty runs from Defendants to them under the governing policies or law. Instead, Plaintiffs allege that

they have standing to bring their claims pursuant to the alleged assignments from Defendants'
insureds.

Defendants claim that Plaintiffs lack standing because the anti-assignment provision in its
insurance policy forbids the patient from assigning its policy right to Plaintiffs.  The Court disagrees
and finds that Defendants' alleged anti-assignment provisions do not preclude Plaintiffs' standing.

Generally, assignments are recognized under Minnesota law subject to important limitations.
Travertine Corp. v. Lexington-Silverwood, 683 N.W.2d 267, 270 (Minn. 2004).  Assignments are
not enforceable when a non-assignment clause applies.  Id.  Minnesota law treats the purported
assignment of contractual rights as void when the underlying contract contains a non-assignment
clause.  Id. at 274.  The Travertine Court held that such clauses need not contain "specific terms or
magic words."  Rather, there need be "merely some indication that the parties intended that the
contract not be assigned."  Id. at 272.

Accordingly, Defendants argue, the Court should treat the patients' alleged assignments of
contractual rights as void because they are contravened by non-assignment clauses in the underlying
insurance policies.  See Def. Mem. p. 6.  Neither Plaintiffs nor Defendants, however, have entered
into record the insurance contracts at issue.  Defendants argue nonetheless that "Plaintiffs'
counsel...is well aware that the purported assignments through which they seek to gain standing...are
rendered void by non-assignment clauses in each of the insurance contracts."

The Court finds Defendants' argument premature and outside the purview of a Rule 12(b)(6)
motion to dismiss.  A court should not grant a motion to dismiss for failure to state a claim unless
it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that
would entitle her to relief.  Schaller Tel. Co., 298 F.3d at 740 (citations omitted).  In analyzing the

adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. <u>Turner</u>, 278 F.3d at 757 Here, Plaintiffs have asserted claims that Defendants have ignored and violated the assignments of contractual rights signed by their insureds. After further prosecution of the case, Plaintiffs may be able to convince the Court that the assignments are valid and that they effectively transfer the insured's rights as Plaintiffs allege. Whether the alleged assignments are barred by the purported anti-assignment provisions in the underlying insurance policy is not a question the Court need to determine on this Rule 12 motion to dismiss. The policies and assignments at issue have not even been made part of the record. Whether any such anti-assignment provision prevents Plaintiffs from enforcing the assignment provisions or from recovering the relief they seek is a matter for trial, or at the very least upon a motion for summary judgment. At this early juncture, it appears to the Court that Plaintiffs may be able to prove the facts in support of their claims that would entitle them to relief, and Defendants' motion to dismiss in this regard should be denied.

**D.      Plaintiffs Complaint Does Not Fail for Lack of Specificity**

Defendants argue that Plaintiffs' allegations fail to satisfy the minimal requirements of Federal Rule of Civil Procedure 8. Pursuant to Rule 8, Plaintiffs are required to provide Defendants with fair notice of the nature of their claims and the grounds upon which the claims rest. <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

As the Court has discussed, Plaintiffs have stated a claim that the Defendants ignored the assignments of their insureds. Defendants argue that Plaintiffs have not stated a claim for relief because they have not identified the insureds whose no-fault benefits are at issue, the insurance policies or contracts under which their purported claims arise, or the alleged separate assignments

that they claim exist.  <u>See</u> Def. Reply Mem. p. 17.  Certainly such information is relevant to the case and discoverable.  Plaintiffs Complaint does not fail, however, because such information was not included in the Complaint.  The substance of Defendants' objections does not pertain to whether these claims as stated are recognized by law, as required by Rule 12(b)(6), but rather whether these counts state a claim with sufficient detail, as required by Rule 8. The proper motion in such a case is not a motion to dismiss under Rule 12(b)(6), but a motion for a more definite statement under Rule 12(e).  <u>See</u> <u>Radisson Hotels Int'l, Inc. v. Westin Hotel Co.</u>, 931 F.Supp. 638, 643 n. 5 (D.Minn.1996).  Accordingly, Defendants' motion to dismiss the Complaint for lack of specificity should be denied.

## E.    Plaintiffs Have Not Failed to Add Indispensable Parties

Defendants argue that the Complaint must be dismissed because Plaintiffs failed to join the patients/insureds as indispensable parties.  Federal Rule of Civil Procedure 19(a)(1) provides that absent parties are necessary to a lawsuit when "complete relief cannot be accorded among those already parties."  In determining whether a party is indispensable, a court should consider: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by shaping relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).

Defendants claim that if the action were to proceed in the absence of the insureds, it would be prejudicial to both Defendants and the insureds.  They argue that Plaintiffs' claims arise from the underlying insureds' no-fault benefits coverage, and that Plaintiffs claim that Defendants made, and

continue to make, payment for medical treatments to the patients.  Defendants argue that the benefits

coverage belongs to the insureds, that the insureds' rights and obligations are clearly implicated, and

that therefore all three parties, Defendants, Plaintiffs and insureds, are indispensable.

Defendants miss the crux of Plaintiffs' claims, which is the validity of the assignments.  If

the Court finds that the insureds' assignments to Plaintiffs are valid, Defendants will be liable and

the rights and obligations of the patients will be unaffected.  Likewise, a determination that the

assignments are invalid would not affect the insureds' rights and obligations.  The Court fails to see

how a determination of validity or invalidity would prejudice the insureds.  If Defendants want to

sue or join the insureds, they may.  See Bergman v. Liverpool & London & Globe Ins. Co., 54

N.Y.S.2d 204 (NY Sup. Ct. App. Div. 1945) ("If defendant claims that it is compelled at its peril to

choose between the assignor and the assignee because of conflicting claims for the loss, it may

protect itself by way of interpleader").  Plaintiffs, however, do not bear the burden of joining the

insureds as indispensable parties to proceed with the litigation.  Defendants' motion to dismiss for

Plaintiffs failure to join indispensable parties should be denied.

**F.      Account Stated**

Lastly, Defendants move to dismiss Plaintiffs' claim for account stated.  An account stated

claim requires an acknowledgment or an acquiescence of an existing condition of liability between

two parties.  See Meagher v. Kavli, 88 N.W.2d 871 (Minn. 1958); Spalla v. Navarre Corp., 2002 WL

1949750, at *3 (D.Minn. Aug. 20, 2002) ("An account stated is a stated sum which the debtor has

agreed to be an accurate computation of the amount due to the creditor").

Here, Plaintiffs allege that Defendants have acknowledged or acquiesced to their liability to

Plaintiffs because they were notified of their insureds' purported assignments.  See Complaint ¶¶

14-15. Plaintiffs' allegations miss the mark and fail to state a claim for account stated. As Defendants argue, it is clear that they have never acknowledged or acquiesced to an amount due Plaintiffs. Plaintiffs' claim for account stated should be dismissed.

## III.  RECOMMENDATION

Based on the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss [#8] be **GRANTED in part** and **DENIED in part**, as follows:

1)      Insofar as Defendants seek to dismiss Count III for Account Stated, the Motion should be **granted;**

2)      In all other respects, the Motion should be **denied.**

DATED: January 5, 2006                                 s/ *Jeanne J. Graham*
                                                                   JEANNE J. GRAHAM
                                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 25, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 25, 2006,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.