UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LIFE REHAB SERVICES, INC., a Minnesota corporation; MEDICAL PAIN MANAGEMENT, a Minnesota corporation; PHYSICIANS' DIAGNOSTICS & REHABILITATION, a Minnesota corporation; and MEDICAL ADVANCED PAIN SPECIALISTS, a Minnesota corporation, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLIED PROPERTY & CASUALTY INSURANCE COMPANY; AMCO INSURANCE COMPANY; DEPOSITORS INSURANCE COMPANY; and NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | Case No. 05-CV-1279 (PJS/RLE)<br><br><br><br><br><br><br><br><br><br>ORDER |

    Jordan M. Lewis and Wood R. Foster, Jr., SIEGEL BRILL GREUPNER DUFFY & FOSTER, PA; David B. Ketroser; John J. Curi; and Neil P. Thompson, for plaintiffs.

    Erin C. Skold, LEONARD STREET AND DEINARD, PA, for defendant Nationwide Insurance Company of America; Allen I. Saeks and Monica L. Davies, LEONARD STREET AND DEINARD, PA; and Edward K. Cottrell and John P. Marino, FOWLER WHITE BOGGS BANKER, for defendants.

    This matter is before the Court on the parties' objections to the June 13, 2007 Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson. Judge Erickson makes two alternative recommendations: Pursuant to his independent analysis, Judge Erickson recommends granting defendants' motion for summary judgment. Alternatively, in the event that the Court adheres to its understanding of Minnesota law as stated in *Alpine Glass, Inc. v.*

*Illinois Farmers Insurance Co.*, No. 06-1148, 2006 WL 3486996 (D. Minn. Dec. 4, 2006), Judge Erickson recommends denying defendants' motion.  The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

One of many questions addressed in *Alpine Glass* — and the only question addressed in Judge Erickson's R&R in the present case — is whether an anti-assignment clause in an insurance policy bars an insured from assigning not only the right to *coverage* under the policy, but also the right to *proceeds* after a loss.  No one disputes that, under Minnesota law, an anti-assignment clause may forbid both the assignment of coverage and the assignment of proceeds, as long as the anti-assignment clause is sufficiently clear.

In *Alpine Glass*, this Court adopted a portion of an R&R finding that an anti-assignment clause — which prohibited assignment of "[i]nterest in this policy" — was not sufficiently clear to bar the assignment of proceeds.  In the present case, Judge Erickson found that the anti-assignment clause — which prohibits assignment of the insured's "rights and duties under this policy" —  was sufficiently clear to bar the assignment of proceeds.  Although it is a close question, the Court is persuaded by Judge Erickson's exhaustive research and painstakingly thorough dissection of Minnesota case law that the Minnesota courts would likely find that the anti-assignment clause at issue in the present case was sufficiently clear to bar the assignment of proceeds.  Thus, the Court will adopt Judge Erickson's R&R and grant the defendants' motion for summary judgment.

In so doing, the Court recognizes that it necessarily implies that it may have been incorrect in concluding that the anti-assignment clause in *Alpine Glass* was not sufficiently clear to bar the assignment of proceeds.  But as both Judge Erickson and the parties to this case have

pointed out, that does not mean that result reached in *Alpine Glass* was incorrect. That case is distinguishable from the present case in several respects, including the language of the anti-assignment clause, the type of insurance involved, the governing statutory framework (which, in *Alpine Glass*, required the insurer to deal directly with the assignee), and the fact that the insurer in *Alpine Glass* had already made payments to the assignee (the question was simply whether it had paid enough). These distinctions are not unimportant, given that "[t]he primary purpose of clauses prohibiting the assignment of contract rights is to protect the contracting party from dealing with parties he has not chosen to do business with." *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). In light of the differences between *Alpine Glass* and the present case, nothing in this order should be construed to imply that this Court would — or would not — now reach a different result in *Alpine Glass*.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS Judge Erickson's analysis and his recommendation that defendants' motion for summary judgment be granted. IT IS HEREBY ORDERED THAT:

1. Defendants' second motion for summary judgment [Docket No. 55] is GRANTED.

2. Plaintiffs' claim for breach of contract [Docket No. 1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 2, 2007                              s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge